UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF TACINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-01328-SRC |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>Memorandum and Order</u>**

Plaintiff Jeff Tacina alleges that he mailed his 2018 income tax return on April 15,

2022—the last possible date to timely file a claim for a refund.  Unfortunately for Tacina, the

IRS did not receive a timely postmarked tax return, or tax-refund claim, at a proper tax-return

service center—barring Tacina from suing the United States for his 2018 tax refund.  Tacina, in

essence, seeks relief under the Federal Tort Claims Act by suing for a tax-related error, Doc. 2,

and the United States moves to dismiss for lack of subject-matter jurisdiction, Doc. 7.  Because

Tacina fails to plausibly allege facts supporting jurisdiction, the Court grants the United States'

motion, Doc. 7, and dismisses the case without prejudice.

**I.      Background**

**A.      Petition**

In his three-sentence *pro se* petition, Tacina alleges the following:

On [April 15, 2022,] I mailed my 2018 tax return for the tax year ending [December
31, 2018] to the defendant by certified mail. I never got my refund. My refund for
the 2018 tax year is approximately $448.

Doc. 2.

B.      **Facts beyond the petition**

The United States removed the case to federal court, Doc. 1, and moved to dismiss for

lack of subject-matter jurisdiction, Doc. 7; Fed. R. Civ. P. 12(b)(1).  Along with its motion, the

United States submitted a declaration under penalty of perjury from Sheryl L. McCanlies, IRS

Revenue Officer Advisor.  Doc. 9.  This declaration includes an exhibit showing that Tacina's

2018 tax return was filed on May 9, 2022, and that he did not receive any extension to file his tax

return.  Doc. 9-1.  The declaration also includes, as an exhibit, Tacina's 2018 tax return, showing

that it was filed on May 9, 2022, and post-marked on May 3, 2022.  Doc. 9-2.

Tacina opposed the United States' motion, Doc. 17, asserting in his brief that he mailed

his 2018 tax return on April 15, 2022, sending one copy to the IRS office in Kansas City and

sending an extra copy to the IRS headquarters in Washington, D.C., *id.* at p. 1.  Tacina included

exhibits with his filing, including a copy of a certified-mail receipt for a letter sent to

Washington, D.C., Doc. 17-1 at p. 1; a USPS tracking update for the mail sent to Washington

D.C., *id.* at pp. 3–4; and a USPS receipt showing first-class mail sent to Washington D.C. and

Jefferson City, Missouri on April 15, 2022, *id.* at p. 2.  Alleging that the Washington D.C. mail

was his 2018 tax return, Tacina neither explains nor relies on the Jefferson City mail in his

briefing.  *See* Docs. 17, 23.  Further, he acknowledges that the tax return he sent to Kansas City

was not postmarked by April 15, 2022.  Doc. 17 at p. 1.  However, he did not give any statement

under penalty of perjury or include any sworn affidavits.  *See* Docs. 17, 17-1.

In reply, the United States notes that Tacina's opposition and exhibits are not evidence

because they are not under penalty of perjury or supported by a sworn affidavit.  Doc. 18 at p. 6.

Tacina then filed a surresponse, Doc. 23, restating his arguments, but again he did not attest to

them under penalty of perjury or otherwise.  *Id.*

## II.     Legal Standards of Review

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to

dismiss for lack of subject-matter jurisdiction.  The plaintiff bears the burden of establishing that

subject-matter jurisdiction exists.  *Hernden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013)

(en banc).  "Because of the unique nature of the jurisdictional question, it is the court's duty to

decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a

trial on the issue."  *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (cleaned up).

"[T]he district court must distinguish between a facial attack—where it looks only to the face of

the pleadings—and a factual attack—where it may consider matters outside the pleadings."

*Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citing *Osborn v. United States*, 918

F.2d 724, 729 n.6 (8th Cir. 1990)).

Where, as here, a party brings a factual attack, "the court considers matters outside the

pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards."  *Buckler*,

919 F.3d at 1044 (quoting *Osborn*, 918 F.2d at 729 n.6).  "[T]he court may receive evidence via

'any rational mode of inquiry,' and the parties may 'request an evidentiary hearing.'"  *Id.*

(quoting *Osborn*, 918 F.2d at 730).  "[T]he party invoking federal jurisdiction must prove

jurisdictional facts by a preponderance of the evidence."  *Moss v. United States*, 895 F.3d 1091,

1097 (8th Cir. 2018) (citing *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007)).

"[T]he court must rule upon the jurisdictional issue unless it is so bound up with the

merits that a full trial on the merits may be necessary to resolve the issue."  *Buckler*, 919 F.3d at

1044 (cleaned up).  "If the jurisdictional issue is 'bound up' with the merits it remains within the

district court's discretion to decide whether to evaluate the evidence under the summary

judgment standard."  *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018) (citing *Gulf Oil*

*Corp. v. Copp Paving Co.*, 419 U.S. 186 (1974)).  In sum, the Court may do the following on a factual attack:  1) consider evidence outside the pleadings, such as affidavits or other documents; 2) hold an evidentiary hearing; 3) evaluate the evidence under the summary judgment standard; or even 4) proceed to a full trial.  *See id.*; *see also Buckler*, 919 F.3d at 1044.  As discussed below, the Court decides this motion by considering the submitted evidence.

The Court liberally construes complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "Liberal construction" means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  That said, even *pro se* complaints must allege facts that, if true, state a claim for relief.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (first citing *Nickens v. White*, 536 F.2d 802, 803 (8th Cir. 1976); and then citing *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974)).  Federal courts need not assume non-alleged facts, *see Stone*, 364 F.3d at 914–15, nor must they interpret procedural rules to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

III.    **Discussion**

A.    **Evidence the Court considers**

The United States brings a factual attack under Rule 12(b)(1).  Fed. R. Civ. P. 12(b)(1). This allows the Court to "receive evidence via 'any rational mode of inquiry.'"  *Buckler*, 919 F.3d at 1044 (quoting *Osborn*, 918 F.2d at 730).  Here, the United States included a declaration, signed under the penalty of perjury, and attached Tacina's 2018 tax return as received by the Kansas City, Missouri service center.  Doc. 9.  While Tacina opposed the motion, his brief

cannot count as evidence; he alleged nothing under penalty of purgery and he did not include a sworn affidavit.  Further, the attachments Tacina includes are inadmissible hearsay and, therefore, not evidence the Court can consider.  *See* Fed. R. Evid. 801, 802.

The United States highlighted Tacina's evidentiary shortcomings, Doc. 18 at pp. 5–7, but Tacina failed to remedy them.  Doc. 23.  As such, the Court considers only the United States' declaration, Doc. 9, as evidence for determining jurisdiction.  However, as addressed below, even if the Court accepted Tacina's briefing and related attachments as evidence for the purpose of deciding this motion, it would not change the Court's analysis.

> **B.      Tacina's tax-related-error claim**

Tacina seeks his 2018 tax refund, alleging that he filed his return, but that the IRS never paid his refund.  Doc. 2.  Construed liberally, this is a claim against the United States under 28 U.S.C. § 1346(a)(1) of the FTCA.  *See also* Doc. 4 (directing the Court to amend the IRS's name in the caption to United States pursuant to 26 U.S.C. § 7422(f)).  While normally the United States is immune from suit, this FTCA provision allows taxpayers to sue the United States for tax-related errors.  *U.S. v. Dalm*, 494 U.S. 596, 608 (1990) (citing 28 U.S.C. § 1346).  However, for the Court to have subject-matter jurisdiction, the taxpayer bringing suit must comply "with other statutory provisions which qualify a taxpayer's right to bring a refund suit . . . ." *Id.* at 601.

First a taxpayer must file a refund claim with the IRS.  26 U.S.C. § 7422(a).  A timely tax return filed in the proper location constitutes a claim for a refund.  26 C.F.R § 301.6402-3(5). The Court next discusses these requirements.

> **1.      Location of filing the return**

Taxpayers must file returns in specific places:  the internal revenue district where the person making the return legally resides or a service center of such district.  26 U.S.C.

5

§ 6091(b)(1)(A).  Specifically, Missouri taxpayers must file returns at the Kansas City, Missouri service center at Department of Treasury, Internal Revenue Service, Kansas City, Missouri 64999-0002.  Internal Revenue Service, https://www.irs.gov/filing/where-to-file-paper-tax-returns-with-or-without-a-payment (last visited August 23, 2023).

Here, Tacina alleges that he mailed his tax return to both the Kansas City service center and the Washington, D.C. IRS Headquarters.  Doc 17 at pp. 1–2.  As a Missouri taxpayer, Tacina needed to file his tax return with the Kansas City service center of the IRS, thus the Washington D.C. filing was improper.  *See* 26 U.S.C. § 6091(b)(1)(A); Internal Revenue Service, https://www.irs.gov/filing/where-to-file-paper-tax-returns-with-or-without-a-payment (last visited August 4, 2023).  Even if the Court considered Tacina's unverified statement regarding the return he mailed to Washington D.C., the only return the IRS accepted is the one filed at the Kansas City service center.  As noted, that return was not postmarked until May 3, 2023, about a month after the postmark deadline.  Doc. 9-2.

### 2. Timeliness of filing the return

Because the IRS treats the tax return as constituting the refund claim, 26 C.F.R § 301.6402-3(5), the Court looks to the date that Tacina filed his tax return at the proper location.  *See id.*; 26 U.S.C. § 6091.  And because the proper location is the Kansas City service center, the Court looks only to the postmark date of the return sent to that location.  26 C.F.R. § 301.6402-3(5) (directing the IRS to look at the postmark date when considering the filing date).  A taxpayer must file the claim within three years of paying the tax, unless the taxpayer had an extension for filing the return.  26 U.S.C. § 6511(b)(2)(A).  The IRS considers a tax that was paid by automatic deduction as paid on April 15 of the year following the year in which the automatic deduction occurred.  26 U.S.C. § 6513(b)(1).  Additionally, properly addressed claims

and returns are timely filed if the postmark date falls within the § 6511 deadline.  26 U.S.C.
§ 7502.

Here, because the IRS considers Tacina's 2018 tax paid on April 15, 2019, *see* 26 U.S.C.
§ 6513(b)(1), and Tacina did not have any extension to file his return, his refund claim needed to
be postmarked by April 15, 2022—three years after his tax was paid, § 6511(b)(2)(A).  *See also*
26 U.S.C. § 7502.  In admitting that the Kansas City return was not postmarked by April 15,
2022, Tacina argues that the standard is the date the taxpayer mailed the return.  Doc. 23.  As
stated above, this is not so.  26 U.S.C. § 7502.  Even if the Court could consider Tacina's
statement that he mailed the tax return on April 15, 2022, that would not impact the Court's
analysis because the Court looks to the date of the postmark.  *Id.*  Here, the return Tacina mailed
to Kansas City was postmarked on May 3, 2022.  Doc. 9-2 at p. 1.  Because Tacina's return was
not postmarked until after the refund-claim filing deadline, *id.*, and the IRS treats the return as
the refund claim, 26 C.F.R. § 301.6402-3(5), Tacina did not timely file the refund claim under
§ 6511(b)(2)(A).

Thus, because Tacina did not file a timely refund claim with the IRS, he did not comply
with the statutory provisions allowing a taxpayer to file suit against the United States.  *See* 26
U.S.C. §§ 6511, 7422; *Dalm*, 494 U.S. at 601.  The Court therefore lacks subject-matter
jurisdiction over this case.  *See Dalm*, 494 U.S. at 601–02.

IV.     **Conclusion**

Construing the allegations in the light most favorable to Tacina, the Court lacks subject-
matter jurisdiction.  The Court accordingly grants the United States' Motion to Dismiss, Doc. 7,

and dismisses the case without prejudice.  Consequently, the Court denies Tacina's Motion for

Oral Argument as moot.  Doc. 13.

      So Ordered this 23rd day of August 2023.

 

_____

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE